## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CHARLES C. TAYLOR JR.,**
**Claimant Below, Petitioner**

**FILED**
**November 14, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)    No. 12-0023** (BOR Appeal No. 2046149)
                        (Claim No. 2010134779)

**TRUSTEES OF BETHANY COLLEGE,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Charles C. Taylor Jr., by Christopher J. Wallace, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Trustees of Bethany College, by Maureen Kowalski, their attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 19, 2011, in which the Board affirmed a July 13, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed in part and reversed in part the claims administrator's November 19, 2010, Order that held the claim compensable for abrasion and contusion of the lumbar spine, and denied lumbar surgery. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Taylor was employed by Bethany College when he fell while weed whacking and sustained injuries to his lower back on May 10, 2010. On November 19, 2010, the claims administrator held the claim compensable for abrasion and contusion of the low back, and denied authorization for lumbar surgery.

The Office of Judges found that the preponderance of the evidence established that Mr. Taylor suffered a lumbar strain and a contusion and abrasion of his lower back as a result of his

1

compensable injury. It also found that the preponderance of the evidence did not establish the medical necessity or reasonableness of the requested lumbar surgery. Mr. Taylor argues that the preponderance of the evidence establishes that his symptomology worsened due to the May 10, 2010, injury and that he had no radicular symptoms for years until the 2010 work-related injury. The Trustees of Bethany College argue that reliable evidence established that Mr. Taylor had a history of preexisting lower back and radicular symptoms before the work-related injury and that the Board of Review committed no error.

The evidence in the records shows that Mr. Taylor has been treated for back pain prior to his work injury. On May 13, 2010, Dr. Depetro diagnosed Mr. Taylor with a contusion and abrasion of the low back and a lumbar sprain. On May 19, 2010, Dr. MacPherson treated Mr. Taylor for his May 10, 2010, injury and diagnosed lumbar sprain. On May 28, 2010, an MRI revealed multilevel lumbar disc herniations and a bilateral foraminal stenosis from L2 through L5. On July 21, 2010, Dr. Gerszten evaluated Mr. Taylor and recommended an L5-S1 translumbar interbody fusion. Dr. Gerszten's records indicate that Mr. Taylor was not complaining of radiculopathy at the time of his evaluation, but that he indicated there was constant pressure in his hips, that he was experiencing paresthesias and weakness in his lower extremities, and having pain and burning in his groin. On August 3, 2010, Dr. Thomas evaluated Mr. Taylor and diagnosed a lumbar strain with a contusion and abrasion of the low back. Dr. Thomas recommended non-operative treatment for Mr. Taylor's occupational injury and opined if Mr. Taylor required surgery it would be due to his degenerative disc disease. On November 10, 2010, Dr. MacPherson submitted a diagnosis update listing the primary condition as a lumbar sprain and a secondary condition as an acute aggravation of his preexisting lumbar degenerative disease.

The Office of Judges noted that the initial findings of Dr. Depetro and Dr. MacPherson established that Mr. Taylor suffered a lumbar sprain in the course of and as a result of his employment. It noted that the records from Dr. Depetro, Dr. Weiler, Dr. Wiley, and Dr. El-Kadi show that Mr. Taylor had preexisting radicular symptoms prior to his injury on May 10, 2010. The Office of Judges further noted that Dr. MacPherson indicated that the surgery was medically reasonable and necessary to treat the compensable injury, but his report lacked specificity as to the causal connection needed for the requested surgery to be authorized. The Office of Judges found that the preponderance of the evidence established that Mr. Taylor suffered a lumbar strain, and a contusion and abrasion of his lower back as a result of his compensable injury, but did not establish the medical necessity or reasonableness of the requested lumbar surgery. The Board of Review reached the same reasoned conclusions in its decision of December 19, 2011. We agree with the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

2

**ISSUED:** November 14, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II